NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| KASHANDA BROWN,<br><br>                Plaintiff,<br><br>v.<br><br>CITY OF NEWARK, ET AL.,<br><br>                Defendants. | Civil Action No: 18-82-SDW-SCM<br><br>**OPINION**<br><br><br>April 9, 2018 |

**WIGENTON**, District Judge.

Before this Court is Defendant City of Newark's (the "City" or "Defendant") Motion to Dismiss Counts One, Two, Three and Six of Plaintiff Kashanda Brown's ("Plaintiff") Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Jurisdiction is proper pursuant to 28 U.S.C. § 1331 and § 1367(a). Venue is proper pursuant to 28 U.S.C. § 1391. This opinion is issued without oral argument pursuant to Federal Rule of Civil Procedure 78.

For the reasons stated herein, the Motion to Dismiss is **GRANTED**.

I.      **BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff is a resident of Newark, New Jersey. (Compl. ¶ 1.) The City, a municipal corporation organized and existing under the law of the State of New Jersey, employed Defendant Kenneth Gaulette ("Gaulette") when the events at issue occurred. (Compl. ¶¶ 2-5.) On or about November 29, 2015, Plaintiff was acting as an informant for the Newark Police Department when

1

"Gaulette locked [her] in an office on police premises and proceeded to orally rape her." (Compl. ¶ 15.)

On November 28, 2017, Plaintiff filed a twelve-count complaint in the Superior Court of New Jersey, Law Division, Essex County, alleging that Defendants violated her constitutional, statutory, and common law rights. (Dkt. No. 1.) Gaulette removed to this Court on January 3, 2018. (*Id.*) The City filed the instant motion to dismiss on January 31, 2018. (Dkt. No. 5.) Plaintiff filed her timely opposition on February 20, 2018 and the City filed its reply on Febuary 23, 2018. (Dkt. Nos. 8, 9.)

## II. LEGAL STANDARD

An adequate complaint must be "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). This Rule "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted); *see also Phillips v. Cty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (stating that Rule 8 "requires a 'showing,' rather than a blanket assertion, of an entitlement to relief").

In considering a Motion to Dismiss under Rule 12(b)(6), the Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips*, 515 F.3d at 231 (external citation omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether the allegations

in a complaint are "plausible" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. If the "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint should be dismissed for failing to "show[] that the pleader is entitled to relief" as required by Rule 8(a)(2). *Id.*

### III. DISCUSSION

A. <u>Counts II, III - New Jersey State Law Tort Claims</u>

Counts Two and Three of Plaintiff's Complaint assert state law claims under The New Jersey Tort Claims Act ("TCA"), which permits individuals to bring tort claims against public entities. N.J.S.A. 59:8-1. The TCA requires that "certain procedures be followed prior to bringing suit against a public entity." *Tripo v. Robert Wood Johnson Med. Ctr.*, 845 F. Supp. 2d 621, 626 (D.N.J. 2012). As such, Plaintiffs seeking to sue under the TCA are required "to sign and file a notice of tort claim (a 'Notice of Claim') with the public entity within 90 days of the accrual of the cause of action." *Id.*; *see also* N.J.S.A. § 59:8-8. "A claimant who fails to file notice of his claim within 90 days . . . may . . . file such notice at any time within one year after the accrual of his claim" if the claimant can show both "extraordinary circumstances" which prevented timely filing of the Notice of Claim and that the defendant is not "substantially prejudiced" by a later filing. N.J.S.A. § 59:8-9. A plaintiff is "forever barred from recovering against a public entity or public employee" if they fail to file a Notice of Claim within the time required. N.J.S.A. § 59:8-8.

Plaintiff did not file a Notice of Claim within the ninety-day statutory window. Indeed, in her Complaint, Plaintiff acknowledges that on November 23, 2016, she filed a Notice of Motion for Leave to File Late Notice of Claim in New Jersey state court and that the motion was denied.

3

(Compl. ¶¶ 17-18.) Therefore, Counts Two and Three will be dismissed. However, because Plaintiff has appealed the state court denial of her motion and because that appeal is currently pending before the New Jersey Superior Court Appellate Division, the dismissal shall be without prejudice. If the Appellate Division permits Plaintiff to file a Notice of Claim, Plaintiff may seek to reinstate Counts Two and Three.[1]

B. Count VI - Section 1983 Claim

42 U.S.C. §1983 provides in relevant part:

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]

Section 1983 does not itself, create any rights, it merely provides "private citizens with a means to redress violations of federal law committed by state [actors]." *Woodyard v. Cty. of Essex*, 514 Fed. App'x 177, 180 (3d Cir. 2013); *see also Baker v. McCollan*, 443 U.S. 137, 144 n. 3 (1979); *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906-07 (3d Cir.1997); *O'Toole v. Klingen*, No. Civ. 14-6333, 2017 WL 132840, at *5 (D.N.J. Jan. 13, 2017); *Thomas v. E. Orange Bd. of Educ.*, 998 F. Supp. 2d 338, 350 (D.N.J. 2014).

To bring a Section 1983 claim, "a [] plaintiff [must] prove two essential elements: (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Schneyder v. Smith*, 653 F.3d 313, 319 (3d Cir.

---

[1] Although Defendant seeks to dismiss Count One on the same basis, Count One does not appear to set forth a specific tort claim. Rather, Count One is titled "Facts Common To All Counts," and merely sets forth factual background for the Complaint. (Compl. at 2.) This Court, therefore, will dismiss Count One for failing to articulate a viable legal claim.

4

2011); *Hilton v. Whitman*, No. Civ. 04-6420 (SDW), 2008 WL 5272190, at *4 (D.N.J. Dec. 16, 2008) (noting that the plaintiff must "identify the exact contours of the underlying right said to have been violated."). For a municipality to be held liable under the theory of respondeat superior, the constitutional harm alleged must be caused by a municipal policy or custom. *Monell v. Dep't of Soc. Serv. of New York*, 436 U.S. 658, 694 (1978); *see also Chavarriaga v. N.J. Dep't of Corr.*, 806 F.3d 210, 223 (3d Cir. 2015); *Mattern v. City of Sea Isle*, 131 F. Supp. 3d 305, 318 (D.N.J. 2015).

Here, Plaintiff alleges the City's actions violated her Fourteenth Amendment rights because its "policies and customs . . . inadequate training, inadequate screening during the hiring process and/or their failure to adopt policies" permitted Gaulette to assault her.[2] (Compl. ¶¶ 66-79.) Such vague and conclusory statements fail to indicate what specific policies Plaintiff believes permitted Gaulette's actions. Accordingly, Plaintiff has failed to plead facts sufficient to sustain a Section 1983 claim and Count Six will be dismissed.

## IV. CONCLUSION

For the reasons set forth above, Defendants' Motion to Dismiss Counts One, Two, Three and Six is **GRANTED** without prejudice. Plaintiff may file an Amended Complaint within thirty days. An appropriate order follows.

                                        ___/s/ Susan D. Wigenton_____
                                        **SUSAN D. WIGENTON, U.S.D.J.**

Orig: Clerk
cc: Steven C. Mannion, U.S.M.J.
       Parties

---

[2] The Fourteenth Amendment prohibits the enactment or enforcement of laws which "abridge the privileges or immunities of citizens of the United States" or "deprive any person of life, liberty, or property, without due process of law . . . [or] deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1; *see also Whren v. United States*, 517 U.S. 806, 813 (1996).