NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHAMBERS OF
**SUSAN D. WIGENTON**
UNITED STATES DISTRICT JUDGE

MARTIN LUTHER KING COURTHOUSE
50 WALNUT ST.
NEWARK, NJ 07101
973-645-5903

July 11, 2018

Kenyatta K. Stewart, Esq.
Gary S. Lipshutz, Esq.
City of Newark Department of Law
920 Broad Street, Room 316
Newark, NJ 07102
*Counsel for Defendant City of Newark*

Samuel A. Anyan, Jr., Esq.
Wapner, Newman, Wigrizer, Brecher & Miller
800 Sagemore Drive, Suite 8302
Marlton, NJ 08053
*Counsel for Plaintiff*

## LETTER OPINION FILED WITH THE CLERK OF THE COURT

    Re:    **Brown v. City of Newark, et al.**
           **Civil Action No. 18-82 (SDW) (SCM)**

Counsel:

    Before this Court is Defendant City of Newark's ("Defendant" or "the City") Motion to Dismiss Plaintiff Kashanda Brown's ("Plaintiff") Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). This Court having considered the parties' submissions, and having reached its decision without oral argument pursuant to Federal Rule of Civil Procedure 78, for the reasons discussed below, **GRANTS** Defendant's motion.

## BACKGROUND & PROCEDURAL HISTORY

    Plaintiff is a resident of Newark, New Jersey. (Am. Compl. ¶ 2.) The City, a municipal corporation organized and existing under the law of the State of New Jersey, employed Defendant Kenneth Gaulette ("Gaulette") when the events at issue occurred. (Am. Compl. ¶¶ 2-5.) On or about November 29, 2015, Plaintiff was acting as an informant for the Newark Police Department when "Gaulette locked [her] in an office on police premises and proceeded to orally rape her." (Am. Compl. ¶ 1.)

On November 28, 2017, Plaintiff filed a twelve-count complaint in the Superior Court of New Jersey, Law Division, Essex County, alleging that Defendants violated her constitutional, statutory, and common law rights. (Dkt. No. 1.) Gaulette removed to this Court on January 3, 2018. (*Id.*) The City moved to dismiss Counts One, Two, Three and Six of the Complaint and this Court granted the motion on April 9, 2018. (Dkt. No. 5, 11.) Plaintiff was granted thirty (30) days to file an Amended Complaint. (Dkt. No. 12.) Plaintiff filed an Amended Complaint on May 9, 2018 and Defendant filed the instant motion to dismiss on June 5, 2018. (Dkt. No. 13, 15.) Plaintiff untimely filed opposition on June 30, 2018 and Defendant replied on July 2, 2018. (Dkt. No. 16, 17.)[1]

**DISCUSSION**

A.

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). This Rule "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted); *see also Phillips v. Cty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (stating that Rule 8 "requires a 'showing,' rather than a blanket assertion, of an entitlement to relief"). In considering a Motion to Dismiss under Rule 12(b)(6), the Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips*, 515 F.3d at 231 (external citation omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Fowler v. UPMC Shadyside*, 578 F.3d 203 (3d Cir. 2009) (discussing the *Iqbal* standard).

B.

Plaintiff's Amended Complaint fails to remedy the concerns this Court raised in granting Defendant's first motion to dismiss. As to Counts One and Two, which assert common law tort claims, this Court previously dismissed those claims without prejudice while Plaintiff's appeal of a state court ruling regarding notice of claim is pending. (Dkt. No. 11 at 2-3.) As that appeal has not yet been resolved, Counts One and Two again will be dismissed without prejudice. As to Count Five, which asserts a claim pursuant to 42 U.S.C. § 1983, Plaintiff's Amended Complaint again contains only "vague and conclusory statements [that] fail to indicate what specific policies Plaintiff believes permitted Gaulette's actions" and fails "to plead facts sufficient to sustain a Section 1983 claim." (*Id.* at 5.) The Amended Complaint provides only the most general allegations that the City "developed and maintained long-standing, department-wide customs, . . . policies, procedures, . . . and practices" that permitted "unconstitutional conduct." (Dkt. No. 13 ¶

---

[1] Plaintiff's opposition papers were due June 18, 2018. Plaintiff did not file opposition until June 30, 2018 and provides no reason for her failure to comply with this Court's filing deadline. Plaintiff's counsel is reminded that filing deadlines are not optional and must be adhered to in the future.

2

80.) There are no specific factual allegations, however, as to what those policies, procedures, or practices are.  Rather, Plaintiff relies on a lengthy list of alleged policies that are nothing more than generalized conclusory statements without any factual support.  (*See, e.g.*, Dkt. No. 13 ¶¶ 80-81.)  This is insufficient under Rule 12(b)(6).  Therefore, Defendant's motion to dismiss will be granted.

**CONCLUSION**

Defendant's Motion to Dismiss is **GRANTED**.  An appropriate order follows.

   /s/ Susan D. Wigenton
**SUSAN D. WIGENTON, U.S.D.J.**

Orig:  Clerk
cc:    Parties
       Steven C. Mannion, U.S.M.J.