NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAMBERS OF<br>**SUSAN D. WIGENTON**<br>UNITED STATES DISTRICT JUDGE | MARTIN LUTHER KING COURTHOUSE<br>50 WALNUT ST.<br>NEWARK, NJ 07101<br>973-645-5903 |

September 18, 2018

Kenyatta K. Stewart, Esq.
Gary S. Lipshutz, Esq.
City of Newark Department of Law
920 Broad Street, Room 316
Newark, NJ 07102
*Counsel for Defendant City of Newark*

Samuel A. Anyan, Jr., Esq.
Wapner, Newman, Wigrizer, Brecher & Miller
8000 Sagemore Drive, Suite 8302
Marlton, NJ 08053
*Counsel for Plaintiff*

## LETTER OPINION FILED WITH THE CLERK OF THE COURT

Re: Brown v. City of Newark, et al.
    Civil Action No. 18-82 (SDW) (SCM)

Counsel:

Before this Court is Plaintiff Kashanda Brown's ("Plaintiff") Motion for Final Judgment as to Count Five of the Amended Complaint pursuant to Federal Rule of Civil Procedure 54(b). This Court having considered the parties' submissions, and having reached its decision without oral argument pursuant to Federal Rule of Civil Procedure 78, for the reasons discussed below, **DENIES** Plaintiff's motion.

## BACKGROUND & PROCEDURAL HISTORY

Plaintiff is a resident of Newark, New Jersey. (Am. Compl. ¶ 2.) Defendant City of Newark's ("Defendant" or "the City"), a municipal corporation organized and existing under the laws of the State of New Jersey, employed Defendant Kenneth Gaulette ("Gaulette") when the events at issue occurred. (Am. Compl. ¶¶ 2-5.) On or about November 29, 2015, Plaintiff was acting as an informant for the Newark Police Department when "Gaulette locked [her] in an office on police premises and proceeded to orally rape her." (Am. Compl. ¶ 1.)

On November 28, 2017, Plaintiff filed suit in the Superior Court of New Jersey, Law Division, Essex County, alleging that Defendants violated her constitutional, statutory, and common law rights. (Dkt. No. 1.) Gaulette removed to this Court on January 3, 2018. (*Id.*) Plaintiff filed a six-count Amended Complaint on May 9, 2018 which Defendant moved to dismiss on June 5, 2018.[1] (Dkt. No. 13, 15.) On July 11, 2018, this Court granted Defendant's motion as to Counts One, Two and Five of the Amended Complaint.[2] (Dkt. No. 18, 19.)

On August 10, 2018, Plaintiff filed the instant motion for entry of judgment pursuant to Rule 54(b) as to Count Five, in order to permit her to appeal the dismissal to the Third Circuit. (Dkt. No. 21.) Defendant opposed the motion on August 17, 2018. (Dkt. No. 25.) No reply was filed.

**DISCUSSION**

A.

"Federal Rule of Civil Procedure 54(b) provides a mechanism for rendering a partial final judgment as to some, but not all, parties or claims in a single action." *Hill v. City of Scranton*, 411 F.3d 118, 124 (3d Cir. 2005). "When an action presents more than one claim for relief ... or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." FED. R. CIV. P. 54(b). "A decision to certify a final decision under Rule 54(b) involves two separate findings: (1) there has been a final judgment on the merits, *i.e.*, an ultimate disposition on a cognizable claim for relief; and (2) there is 'no just reason for delay.'" *Berckeley Inv. Grp., Ltd. v. Colkitt*, 455 F.3d 195, 202 (3d Cir. 2006) (quoting *Curtiss-Wright Corp. v. Gen. Elec. Corp.*, 446 U.S. 1, 7-8 (1980)); *see also Pet Gifts USA, LLC v. Imagine This Co.*, Civ. No. 14-3884, 2018 WL 3849903, at *1 (D.N.J. Aug. 13, 2018).

In order to avoid "piecemeal appeals," *SEC v. Lucent Techs.*, Civ. No. 04-2315, 2009 WL 4508583, at *3 (D.N.J. Nov. 16, 2009), district courts are to be "conservative" in granting Rule 54(b) certifications and must consider: "(1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like" before granting such a certification. *Berckeley Inv. Grp., Ltd.*, 455 F.3d at 203 (quoting *Allis-Chalmers Corp. v. Philadelphia Elec. Co.*, 521 F.2d 360, 364 (3d Cir. 1975)); *see also Elliott v. Archdiocese of N.Y.*, 682 F.3d 213, 220 (3d Cir. 2012) (holding that a grant of relief under Rule 54(b) is "the

---

[1] Counts One through Four are state law tort claims brought against Defendants City (Counts One and Two) and Gaulette (Counts Three and Four). Count Five is a Section 1983 claim against both the City and Gaulette. Count Six is a placeholder seeking leave to bring suit against currently unnamed defendants "if and when their true identifies [sic] and roles in the within matter are ascertained by plaintiff." (Dkt. No. 1.)

[2] Counts One and Two were dismissed without prejudice while Plaintiff's appeal of a state court ruling regarding notice of claim is pending.

exception, not the rule, to the usual course of proceedings in a district court"); *Gerardi v. Pelullo*, 16 F.3d 1363, 1371-72 (3d Cir. 1994).

B.

Plaintiff seeks a Rule 54(b) certification of final judgment as to Count Five of her Amended Complaint, which asserts a claim pursuant to 42 U.S.C. § 1983 for violations of Plaintiff's constitutional rights. Granting Plaintiff's motion, however, would require this Court to ignore its "duty to refrain from compelling the Third Circuit Court of Appeals to engage in piecemeal appellate review." *Ferreras v. Am. Airlines, Inc*., Civ. No. 16-2427, 2017 WL 1709597, at *2 (D.N.J. May 1, 2017); *see also Echavarria v. Williams Sonoma, Inc*., Civ. No. 15–6441, 2016 WL 3566986, at *4 (D.N.J. June 30, 2016) (denying a motion for an immediate appeal, and holding that the district courts must "be 'conservative' in utilizing Rule 54(b), particularly when there is a risk of piecemeal appeals"). All five counts of Plaintiff's Amended Complaint involve the same operative set of facts – namely, Plaintiff's allegation that Gaulette sexually assaulted her when she was acting as a police informant. Were Plaintiff permitted to appeal Count Five now, there is a possibility that the Third Circuit would have to revisit issues of the defendants' liabilities at a later time, depending on later decisions by this Court. Further, any decision by this Court that Defendant Gaulette is not liable to Plaintiff would moot any liability by the City. Plaintiff will suffer no hardship by delaying her appeal until all of her claims are resolved and judicial economy and efficiency certainly weigh against certification at this time. Therefore, Plaintiff's motion will be denied.

## **CONCLUSION**

Plaintiff's Motion for Final Judgment is **DENIED**. An appropriate order follows.

    /s/ Susan D. Wigenton    
**SUSAN D. WIGENTON, U.S.D.J.**

Orig: Clerk
cc: Parties
    Steven C. Mannion, U.S.M.J.